IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**BRENT LAMAR JONES**                                                                        **PLAINTIFF**

VS.                                              **4:20-CV-00467-BRW**

**LITTLE ROCK POLICE DEPARTMENT;
SONSHINE MOTORS; AND WINFIELD
HARTMAN, A1A Investigators**                                                            **DEFENDANTS**

## ORDER

Pending is Plaintiff Brent Jones's Motion to Proceed *In Forma Pauperis* (Doc. No. 1). For the reasons set forth below, this application is DENIED and this case is DISMISSED.

Under 28 U.S.C. § 1915(e)(2)(B), a court may dismiss a complaint filed *in forma pauperis* at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.[1] A complaint fails to state a claim upon which relief can be granted when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[2] A complaint may be dismissed before service of process and without leave to amend.[3] Although *pro se* complaints are to be liberally constructed, "they still must allege sufficient facts to support the claims advanced."[4]

In this Complaint, Mr. Jones claims that his rights under the Fourth and Fourteenth Amendment were violated when the Little Rock Police Department (LRPD), on the behalf of

---

[1] See *Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (*per curiam*).

[2] *Price v. Moody*, 677 F.2d 676, 677 (8th Cir. 1982).

[3] *Christiansen v. Clarke*, 147 F.3d 655, 658 (8th Cir. 1998).

[4] *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Defendants Sonshine Motors (Sonshine) and Winfield Hartman (Hartman), illegally arrested him and illegally repossessed his car.[5] Mr. Jones explains that, on December 18, 2019, he was putting gas in his car when "a police car came flying back into the lot with lights flashing" and, subsequently, arrested him.[6] Mr. Jones states, "they [LRPD] steal my car, kidnap me, handcuff me to a table . . . attempt to coerce me into admission of guilt . . . and charge me with a felony, theft by receiving."[7] Mr. Jones alleges that Mr. Hartman, a private investigator, harassed him for months at Sonshine's direction, warned him that he had "contacted the local police to effect an illegal repo," and "colluded with LRPD to concoct the illegal usurpation of [his] rights and property."[8] Plaintiff's Complaint contains only a little more information than that given here. The facts provided are conclusory and do not state a claim for relief.

Mr. Jones states that Mr. Hartman is a private investigator from Florida. Therefore, even had Mr. Jones's complaint not been conclusory, it fails to state a claim because the Fourteenth Amendment does not protect against the conduct of private persons so a §1983 claim cannot proceed against Mr. Hartman.[9] Additionally, the LRPD is not a person or entity subject to service of process or suit.[10]

---

[5] Doc. No. 3 at 4.

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Moore v. Carpenter*, 404 F.3d 1043, 1046 (8th Cir. 2005) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)).

[10] *Ketchum v. City of West Memphis*, 974 F.2d 81, 82 (8th Cir. 1992) (noting that police departments are not subject to suit and are "simply departments or subdivisions of the City government.").

Plaintiff's Complaint is DISMISSED under § 1915(e)(2)(B) because it fails to state a claim on which relief may be granted.  Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 1) is DENIED AS MOOT.

IT IS SO ORDERED this 11th day of May, 2020.

<u>Billy Roy Wilson</u>  _____
UNITED STATES DISTRICT JUDGE